IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FANNIE MAE, ALSO KNOWN AS
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

       Plaintiff,                  No. CIV S-10-1474 MCE GGH PS

    vs.

BRIAN LEMERE,                FINDINGS &

       Defendant.             RECOMMENDATIONS
_____/

       Heather Collins, proceeding pro se and purporting to be a defendant in the state court action, filed on June 15, 2010 a Notice of Removal of an unlawful detainer action filed against defendant Brian Lemere in state court, as well as a request to proceed in forma pauperis. The request to proceed in forma pauperis will not be addressed as the court recommends that the case be remanded to state court.[1]

BACKGROUND

       Defendant Lemere was sued in state court in an unlawful detainer action for his refusal to quit and deliver possession of residential real property purchased by plaintiff at a non-judicial foreclosure sale. Although it does not appear that Heather Collins was a party to that action, she claims that she is a tenant of the foreclosed property and that she filed a claim in the unlawful detainer action which gave her standing in that action. She has attached a form entitled

---

[1] The case has been referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

1

1 "prejudgment claim of right to possession" which states that if filed, the form will entitle the
2 claim by the individual to be determined in the court proceeding against the person named in the
3 complaint. (Dkt. #1 at 13-14.) The undersigned does not have sufficient information to
4 determine if Collins is truly a party to the removed action, but will assume so for purposes of this
5 discussion only.

6       Heather Collins has filed the instant petition for removal, alleging a new claim in
7 her notice of removal for violation of new federal legislation, "Protecting Tenants at Foreclosure
8 Act of 2009," which she claims gives the court federal question jurisdiction. Collins also alleges
9 diversity jurisdiction. Collins seeks removal based on the aforementioned grounds.

10 DISCUSSION

11       A district court has an independent duty to examine its own jurisdiction and
12 remand a removed action "since removal is permissible only where original jurisdiction exists at
13 the time of removal or at the time of the entry of final judgment ...." Sparta Surgical Corp. v.
14 National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting
15 Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966
16 (1998); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229, 110 S. Ct. 596, 606-07 (1990); Harris
17 v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

18       Removal jurisdiction statutes are strictly construed against removal. See Libhart
19 v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be
20 rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980
21 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party
22 invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994)
23 (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

24       Collins invokes the court's jurisdiction under the "Protecting Tenants at
25 Foreclosure Act of 2009." A plaintiff may bring suit in federal court if his claim "arises under"
26 federal law. 28 U.S.C. § 1331. In that situation, the court has original jurisdiction. A defendant

cannot invoke the federal court's original jurisdiction. But he may in some instances invoke the court's removal jurisdiction. The requirements to invoke removal jurisdiction are often identical to those for invoking its original jurisdiction. The requirements for both relate to the same end, that is, federal jurisdiction.

Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992). A defense to an action, based on constitutional rules of general applicability, is not a sufficient basis to remove an action to federal court. See id.; Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable."). Assuming Collins is a party to the action, she has not shown that she is unable to raise her federal constitutional rights in state court.

Moreover, federal courts have held that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but indeed provides directives to state courts. Nativi v. Deutsche Bank Nat. Trust, 2010 WL 2179885 (N.D. Cal. 2010).

This court has no jurisdiction over unlawful detainer actions which are strictly within the province of state court. Collins' apparent attempt at creating federal subject matter jurisdiction by simply adding claims or defenses to a petition for removal will not succeed. See Catee v. Capital One, F.S.B. 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal).

\\\\\

Accordingly, the court finds that remand is appropriate because the case is not one which arises under federal law. Pursuant to 28 U.S.C. § 1447(c), where it appears the court lacks subject matter jurisdiction, the court shall make an order for remand. The petition for removal and the state court record filed in this case demonstrate that the underlying proceedings are not removable to this court.[2]

CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. The state action be summarily remanded to the Superior Court, County of Placer, Roseville Courthouse;

2. The Clerk serve a certified copy of this order to the Clerk of the Superior Court, County of Placer, Roseville Courthouse, and reference the state case number (MCV 44844) in the proof of service; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 6, 2010               /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE

GGH/076Fannie1474.rem.wpd

---

[2] Furthermore, removal may be had only if all defendants join, and defendant Lemere has not joined in this removal. W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:611.

4